COMMONWEALTH OF KENTUCKY
8th JUDICIAL CIRCUIT
WARREN CIRCUIT COURT, DIVISION _____
CIVIL ACTION NO. 20-CI-_____

AUTUMN MERRISS                                                        PLAINTIFF

Vs.

JOURNEYPURE BOWLING GREEN, LLC                                        DEFENDANTS

    Serve: National Registered Agents, LLC
          306 W. Main Street, Suite 512
          Frankfort, KY 40601

AND

JOURNEYPURE MANAGEMENT CORP.

    Serve: Office of the Secretary of State
          Summons Branch
          700 Capital Ave., Ste. 86
          Frankfort, KY 40601

## VERIFIED COMPLAINT

Comes the Plaintiff, by and through Counsel, and for her Verified Complaint, respectfully submits as follows:

### PARTIES

1. Plaintiff, Autumn Merriss, is a resident of the Commonwealth of Kentucky, over the age of eighteen (18), who resides in Warren County, Kentucky.

2. Defendant, JourneyPure Bowling Green, LLC is a Kentucky Limited Liability Company, organized to conduct business in the Commonwealth of Kentucky, with a principal place

EXHIBIT A

of business located at 2349 Russellville Road, Bowling Green, KY 42101. Service upon Defendant JourneyPure Bowling Green, LLC (hereinafter "JourneyPure") may be effectuated upon National Registered Agents, Inc.

3. Defendant, JourneyPure Management Corp., is a foreign corporation with a principal place of business located at 624 Grassmere Park Ste. 11, Nashville, TN 37211-3671. Service upon Defendant JourneyPure Management Corp. may be effectuated upon the Kentucky Secretary of State pursuant to KRS 454.210. Defendant, JourneyPure Management Corp's Registered Agent is Mr. Kevin D. Lee.

## JURISDICTION AND VENUE

4. This Court has both subject matter and personal jurisdiction over the Parties hereinabove.
- All actions giving rise to the instant matter occurred in Warren County, Kentucky.
5. Pursuant to KRS 452.460, venue is appropriate in Warren County, Kentucky, as the actions giving rise to the Plaintiff's injury occurred in Warren County, Kentucky.

## FACTUAL ALLEGATIONS

6. Plaintiff was hired by JourneyPure on or about July 2, 2019 and served as Clinical Director, eventually over the Bowling Green Campus. During Plaintiff's tenure with JourneyPure, Plaintiff additionally served as Clinical Service Supervisor for the Elizabethtown and Louisville campuses. In this role, Plaintiff supervised mental health technicians, condos, fulfilled operations manager duties, and human resources duties.

7. In her capacity as Clinical Director, Plaintiff was responsible for ensuring that all administrative regulations and JourneyPure policies were adhered to.

Presiding Judge: HON. JOHN R. GRISE (608217)

COM : 000002 of 000009

8. Plaintiff was also responsible, as Clinical Director, for hiring, training, and retaining qualified clinical team members.

9. According to Defendant JourneyPure's own Policies and Procedures, the Clinical Director is tasked with the:

> Understanding of facility's treatment program and philosophy, admission process and criteria, support and administrative services, working knowledge of various aspects of alcoholism, drug abuse and dual diagnosis. The Clinical Director understands the approaches to and methods of performance improvement & adopts an approach to performance improvement to ensure that various processes and activities are measured, assessed and improved. He/she participates in interdisciplinary, interdepartmental performance improvement activities. He/she is responsible to the governing body for the clinical program of the facility in accordance with established polies [sic].

10. During Plaintiff's tenure, Plaintiff went above and beyond the responsibilities of her employment as Clinical Director and enjoyed a positive relationship with the administration, staff, and patients.

11. During her tenure, Plaintiff was never the subject of any disciplinary actions or performance improvement plans.

12. On or about February, 2020 Jerry Lucas began engaging in a pattern of alienation towards Plaintiff. Specifically, Lucas stopped communicating with Plaintiff regarding issues which otherwise would have, in the normal course of operation, been discussed with Plaintiff as it directly related to patient care.

13. Also around this time, Lucas began disregarding and dismissing Plaintiff's opinions and concerns about clinical issues occurring on the Bowling Green campus.

14. On or about April 30, 2020, Plaintiff raised certain concerns Plaintiff felt were placing her licensure at risk to Lucas.

Presiding Judge: HON. JOHN R. GRISE (808217)
COM : 000003 of 000009

15. Specifically, Plaintiff raised concerns about other Defendant JourneyPure employees providing clinical treatment without the appropriate training and licenses.

16. Also at this meeting, Plaintiff indicated to Lucas that during the course of her employment with Defendant JourneyPure, that she felt that her expected job duties required her to act unethically.

17. Upon conclusion of this meeting, Plaintiff was under the impression that the concerns she raised to Lucas would be addressed, and Plaintiff felt that she would be able to continue in her employment with Defendant JourneyPure.

18. In the days after this meeting, Lucas began ignoring and alienating Plaintiff and distancing himself even further from Plaintiff.

19. Once it became apparent that the concerns expressed by Plaintiff to Lucas were not going to be addressed, Plaintiff reached out to other Defendant JourneyPure employees and leaders.

20. Plaintiff sought the advice of these Defendant JourneyPure leaders so that Plaintiff could adequately address her concerns without being at risk of losing her job with Defendant JourneyPure, which Plaintiff enjoyed.

21. At all material times, Plaintiff was reluctant to express her concerns to Lucas, for fear that rather than attempting to address the underlying issues, Lucas would either terminate Plaintiff or, would make the working conditions of Plaintiff such that Plaintiff would have no choice but to find other employment.

22. On or about May 5, 2020, Plaintiff received an email from Cecelia Hunt, Chief Operating Officer, scheduling a meeting for May 8, 2020 between Plaintiff, Hunt, and Lucas. No details were given to Plaintiff regarding the nature or purpose of the scheduled meeting.

23. On or about May 8, 2020, Plaintiff participated in the above-described meeting and was physically present with Lucas. Hunt participated telephonically. On that occasion, Cecelia Hunt wrongfully and illegally terminated Plaintiff's employment under the pretense of "accepting Plaintiff's resignation."

24. Defendant JourneyPure violated its own Policies and Procedures when it terminated Plaintiff's employment for expressing concerns regarding Defendant JourneyPure's lack of compliance with state regulations, as well as its own internal Policies and Procedures.

25. Specifically, Defendant JourneyPure at all material times had adopted a "Whistleblower Protection Policy and Procedure" which required its employees to "observe high standards of business and personal ethics in the conduct of their duties and responsibilities. As employees and representatives of JourneyPure, [employees] must practice honesty and integrity in fulfilling our responsibilities and comply with all applicable law and regulations."

26. The "Whistleblower Protection Policy and Procedure" goes on to require all employees, such as Plaintiff, to report any perceived violations of law or regulations. Specifically, the Policy and Procedure states it is "intended to encourage and enable employees, patients and others to raise serious concerns internally so that JourneyPure can address and correct inappropriate conduct and actions. It is the responsibility of all ... employees ... to report concerns about violations of JourneyPure's code of ethics or suspected violations of law or regulations that govern JourneyPure's operations."

27. The "Whistleblower Protection Policy and Procedure" prohibits retaliation for any employee who "in good faith reports an ethics violation, or a suspected violation of law ...., or suspected violation of any regulation governing the operations of JourneyPure."

Presiding Judge: HON. JOHN R. GRISE (808217)

COM : 000005 of 000009

28. The "Whistleblower Protection Policy and Procedure" describes the reporting procedure as an "open door policy" which "suggests" that employees share their concerns with their supervisor or, in the event the employee is "not comfortable" speaking with their supervisor, the employee is encouraged to speak with the Chief Compliance Officer.

## CAUSE OF ACTION I – WRONGFUL TERMINATION

29. Plaintiff incorporates by reference the Paragraphs 1 – 28 as if set forth fully herein.

30. On or about May 8, 2020, Plaintiff was wrongfully discharged from her employment with Defendant JourneyPure contrary to public policy, specifically contrary to KRS 216B.165.

31. Defendant JourneyPure did not have any legitimate business justification for terminating Plaintiff's employment.

32. As a result of Defendant wrongfully terminating Plaintiff, Plaintiff has incurred, and will continue to incur, damages in excess of the minimum jurisdictional requirements of this Court.

## CAUSE OF ACTION II – RETALIATION

33. Plaintiff incorporates by reference the Paragraphs 1 - 32 as if set forth fully herein.

34. KRS 216B.165(1) imposes a duty on any employee or agent of a healthcare facility or service to report any concerns related to quality of care and patient safety to the healthcare facility or service or to an appropriate agency.

35. KRS 216B.165(3) prohibits a healthcare facility or service such as Defendant JourneyPure from retaliating against an employee who reports unsafe medical practices in good faith.

36. Pursuant to KRS 446.070, "[a] person injured by the violation of any statute may recover from the offender such damages as [s]he sustained by reason of the violation."

37. Between May 1 through May 5, 2020, Plaintiff engaged in activity protected by KRS 216B.165(1) when she reported her concerns, in good-faith, regarding quality of care and patient safety to leaders of Defendant JourneyPure.

38. As evidenced by statements made by Cecelia Hunt on May 8, 2020, Defendant JourneyPure was aware that Plaintiff had voiced concerns to other leaders within Defendant JourneyPure and had exercised her statutory obligation pursuant to KRS 216B.165(1), as well as the Defendant JourneyPure's own Policies and Procedures as described in Paragraphs 24-27 described herein.

39. After learning that Plaintiff had engaged in this protected activity pursuant to KRS 216B.165(1), Defendant JourneyPure took an employment action that was adverse to Plaintiff, specifically terminating Plaintiff under the pretense of "accepting Plaintiff's resignation."

40. There was a causal connection, as evidenced by the close temporal proximity of Plaintiff's engagement in protective activity and her termination, between Plaintiff's engagement in protected activity and the adverse employment action.

WHEREFORE, the Plaintiff, Autumn Merriss, by and through Counsel, prays for the following relief:

1. A trial by jury on all issues so triable;
2. A judgment in favor of Plaintiff;
3. An award of lost pay and benefits, both past and future;
4. An award of compensatory damages;
5. An award of punitive damages;
6. An Award of attorney's fees and costs; and
7. For any and all other relief to which the Plaintiff may appear entitled.

Presiding Judge: HON. JOHN R. GRISE (608217)

COM : 000007 of 000009

ORIGINAL DOCUMENT
10/29/2020 10:04:30 AM
90219-1

Respectfully submitted this ___ day of October, 2020.

> BRODERICK & DAVENPORT, PLLC
> 921 College Street – Phoenix Place
> P.O. Box 3100
> Bowling Green, KY 42102-3100
> Phone: (270) 782-6700
> Fax:    (270) 782-3110
>
> _____
> DAVID F. BRODERICK
> KATE E. PAYTON

## VERIFICATION

I, Autumn Merriss, have read the foregoing Verified Complaint and believe it to be true and accurate to the best of my knowledge and belief.

_____
AUTUMN MERRISS

COMMONWEALTH OF KENTUCKY    )
                            )ss
COUNTY OF WARREN            )

SUBSCRIBED AND SWORN TO before me on this the 15th day of October, 2020, by Autumn Merriss.

_____
NOTARY PUBLIC – State at Large
My Commission Expires: 11-19-2023
Notary Identification No.: 635640